# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
### WESTERN DIVISION

**THOMAS EDWIN HORN**                                                                 **PLAINTIFF**

**VS.**                                                          **CIVIL ACTION NO. 5:09cv119-MTP**

**THOMAS E. VAUGHAN, ET AL.**                                                **DEFENDANTS**


## OPINION AND ORDER

THIS MATTER is before the court on the Motion for Summary Judgment [44] filed by

Defendant Sherry Vaughan. Having reviewed the submissions of the parties and the applicable

law, the court finds that the Sherry Vaughan's Motion for Summary Judgment [44] should be

granted.

## FACTUAL BACKGROUND

Plaintiff Thomas Edwin Horn, proceeding *pro se* and *in forma pauperis*, filed his

Complaint [1] pursuant to 42 U.S.C. § 1983 on July 23, 2009. Through his complaint, and as

clarified during his *Spears*[1] hearing, Plaintiff alleges claims against Defendants Thomas

Vaughan, Sherry Vaughan, and Yazoo County for the denial and/or delay of adequate medical

treatment in violation of the Fourteenth Amendment,[2] and alleges a claim against Yazoo County

---

[1]*Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985). Plaintiff's *Spears* hearing took place
on January 29, 2010. *See* Transcript [73].

[2]"The constitutional rights of a pretrial detainee . . . flow from both the procedural and
substantive due process guarantees of the Fourteenth Amendment." *Hare v. City of Corinth*, 74
F.3d 633, 639 (5th Cir. 1996); *see also Brown v. Attala County Sheriff's Dep't*, No.
1:08CV96-A-A, 2009 WL 1750333, at *3 (N.D. Miss. Jun. 19, 2009) (citing *Hare*, 74 F.3d at
648 (holding that the subjective deliberate indifference standard applies to both pre-trial
detainees under the Fourteenth Amendment and convicted inmates under the Eighth
Amendment).

for failure to train and/or supervise Thomas Vaughan and Sherry Vaughan. *See* Scheduling and

Case Management Order [24]. The allegations in Plaintiff's complaint occurred while he was a

pre-trial detainee at the Yazoo County Jail (the "Jail"). Plaintiff is currently incarcerated at the

Mississippi State Penitentiary at Parchman ("Parchman") serving a ten-year sentence after

having been convicted of rape and sexual battery in Yazoo County.

STANDARD FOR SUMMARY JUDGMENT

This court may grant summary judgment only if, viewing the facts in a light most

favorable to the Plaintiff, the Defendant demonstrates that there is no genuine issue of material

fact and that she is entitled to judgment as a matter of law. *Woods v. Smith,* 60 F.3d 1161, 1164

(5th Cir. 1995). If the Defendant fails to discharge the burden of showing the absence of a

genuine issue concerning any material fact, summary judgment must be denied. *John v.

Louisiana,* 757 F.2d 698, 708 (5th Cir. 1985). The existence of an issue of material fact is a

question of law that this court must decide, and in making that decision, it must "draw inferences

most favorable to the party opposing the motion, and take care that no party will be improperly

deprived of a trial of disputed factual issues." *John*, 757 F.2d at 708, 712.

There must, however, be adequate proof in the record showing a real controversy

regarding material facts. "Conclusory allegations," *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871,

902 (1990), unsubstantiated assertions, *Hopper v. Frank*, 16 F.3d 92, 96-97 (5th Cir. 1994), or

the presence of a "scintilla of evidence," *Davis v. Chevron U.S.A., Inc.*, 14 F.3d 1082, 1086 (5th

Cir. 1994), is not enough to create a real controversy regarding material facts. In the absence of

proof, the court does not "assume that the nonmoving party could or would prove the necessary

facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (emphasis omitted).

ANALYSIS

Plaintiff's claims are before the court pursuant to 42 U.S.C. § 1983. However, Section 1983 "neither provides a general remedy for the alleged torts of state officials nor opens the federal courthouse doors to relieve the complaints of all who suffer injury at the hands of the state or its officers." *White v. Thomas*, 660 F.2d 680, 683 (5th Cir.1981). Rather, "[i]t affords a remedy only to those who suffer, as a result of state action, deprivation of 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *White*, 660 F.2d at 683 (quoting 42 U.S.C. § 1983).

Moreover, "[f]or purposes of liability, a suit against a public official in his official capacity is in effect a suit against the local government entity he represents." *Mairena v. Foti*, 816 F.2d 1061, 1064 (5th Cir. 1987) (citations omitted). The Supreme Court has held that in order for a local governmental entity to have liability under Section 1983, a plaintiff must prove that a policy, custom or practice of that local government entity was the "moving force" behind the constitutional violation. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978).

**Denial and/or Delay of Adequate Medical Care**

Plaintiff alleges a claim against the Defendant Sherry Vaughan for the denial and/or delay of adequate medical treatment in violation of the Fourteenth Amendment. Plaintiff claims he arrived at the Jail in August 2007, and informed the staff that he was HIV positive and was taking the medication Atripla. He claims he continued to receive said medication until January 2008, when Tommy Vaughan was elected as Sheriff. After numerous complaints to jail officials, Plaintiff was taken to an appointment at G.A. Carmichael Medical Clinic on February 21, 2008, the medical provider for the Jail. Plaintiff was given a 21-day supply of medication and was

scheduled a return appointment in two weeks, but was never taken to his appointment.

Plaintiff claims he saw "Nurse" Sherry Vaughan[3] in mid-March 2008 and expressed concern about his missed appointments and medication and she told him he would see a doctor and receive his medication soon. Other than seeing Ms. Vaughan in Mid-March, Plaintiff testified that he "thinks" he passed Ms. Vaughan in the hallway one day and asked her about his medication and she told him to wait a few more weeks. Plaintiff claims he did not receive any medical treatment until August 2008, when an attorney representing him in a criminal matter secured a court order to get him treatment. Plaintiff alleges that he saw a doctor at Yazoo Medical Clinic, which had replaced G.A. Carmichael Medical Clinic, as the Jail's medical provider and had blood work done. Four days later, he was transferred to the Central Mississippi Correctional Facility, and alleges that no medication was sent with him.

Plaintiff was transferred to Parchman on September 21, 2008, where he received a thorough medical evaluation and was allegedly informed that due to the interruption of his medication while at the Jail, he has developed an immunity to "sustiva," a component of Atripla. Plaintiff claims that as a result of his lack of adequate medical treatment at the Jail, he lost twenty pounds, his condition worsened, and he had to be placed on a more intensive drug treatment with more side effects.

Plaintiff claims that "Nurse" Vaughan "had a responsibility as a Yazoo medical care provider representative at the jail to see that he was taken care of." Tr. [73] at 16. Regardless of whether the Sheriff made a decision to cut off his medication, Plaintiff claims it was "Nurse"

---

[3]Plaintiff alleges that Sheriff Vaughan and the Jail Administrator told him that Ms. Vaughan, Sheriff Vaughan's wife, was the Jail's nurse, and claims that she worked for the Yazoo Medical Clinic.

Vaughan's responsibility to inform the Sheriff that the decision was "medically incorrect." *Id.*

"Prison officials violate the constitutional proscription against cruel and unusual punishment when they are deliberately indifferent to a prisoner's serious medical needs, as doing so constitutes unnecessary and wanton infliction of pain." *Davidson v. Texas Dep't of Criminal Justice*, 91 Fed. Appx. 963, 964 (5th Cir. 2004) (citing *Wilson v. Seiter*, 501 U.S. 294, 297 (1991)). Deliberate indifference "is an extremely high standard to meet." *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006) (quoting *Domino v. Texas Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001)). The test for establishing deliberate indifference is "one of subjective recklessness as used in the criminal law." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). The subjective deliberate indifference standard applies to both pre-trial detainees under the Fourteenth Amendment and convicted inmates under the Eighth Amendment. *Brown v. Attala County Sheriff's Dep't*, No. 1:08CV96-A-A, 2009 WL 1750333, at *3 (N.D. Miss. Jun. 19, 2009) (citing *Hare v. City of Corinth*, 74 F.3d 633, 648 (5th Cir.1996)).

A prison official may not be held liable under this standard pursuant to Section 1983 unless the plaintiff alleges facts which, if true, would establish that the official "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists and he must also draw the inference." *Farmer*, 511 U.S. at 838. Plaintiff must "submit evidence that prison officials 'refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any other similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Davidson*, 91 Fed. Appx. at 965 (quoting *Domino*, 239 F.3d at 756). "[D]elay in medical care can only constitute an Eighth Amendment violation if there has been deliberate indifference, which results in substantial harm." *Mendoza v. Lynaugh*, 989 F.2d

191, 195 (5th Cir. 1993).

Negligent conduct by prison officials does not rise to the level of a constitutional violation. *Daniels v. Williams*, 474 U.S. 327, 333-34 (1986). The Plaintiff is not entitled to the "best" medical treatment available. *McMahon v. Beard*, 583 F.2d 172, 174 (5th Cir. 1978); *Irby v. Cole*, No. 4:03cv141-WHB-JCS, 2006 WL 2827551, at *7 (S.D. Miss. Sept. 25, 2006). Further, a prisoner's "disagreement with medical treatment does not state a claim for Eighth Amendment indifference to medical needs." *Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir. 2001).

As clarified at the *Spears* hearing, and as reflected in her submissions, Sherry Vaughan is not a nurse. Rather, she was employed by Dr. Hugh Moore at the Yazoo City Medical Clinic (the "Clinic") as a clerk. *See* Ex. B to Motion [27]; Ex. 2 to Rebuttal [57]. Ms. Vaughan's sworn testimony reflects that she did not provide triage to any prisoner patients. She states that she did not have the authority to decide which prisoners at the Jail received medical treatment. Rather, personnel with the Jail made those decisions. Once prisoners were selected by the Jail to see Dr. Moore for treatment, she "merely took their initial vital signs and placed them in a room so that Dr. Moore could treat or evaluate them." *See* Ex. 2 to Rebuttal [57].

Ms. Vaughan's affidavit states that the form attached as Exhibit "A" to Plaintiff's Response [50] is an intake/progress form used at the Clinic. She filled out the top portion of the form down to the abbreviation "HPI" for every patient seen at the Jail. She would then put the patient in a room and Dr. Moore took over from there. Dr. Moore filled out the rest of the form as he evaluated and treated the patients. Ms. Vaughan states that she was trained to take vital signs and routine patient information, but in no way acted as a nurse when she assisted Dr. Moore at the Clinic or at the Jail. *See* Ex. 2 to Rebuttal [57].

6

Finally, Ms. Vaughan states that she never had a contract with the Jail. She states that neither she nor Dr. Moore were responsible for deciding which prisoners from the Jail would receive medical treatment. She states that they were simply told by the Jail that a certain number of patients were requesting medical treatment, and those patients were seen as soon as possible. *Id.* Ms. Vaughan's sworn testimony summarized above is corroborated by Dr. Moore's sworn affidavit. *See* Ex. 1 to Rebuttal [57].

In her Motion [44], Ms. Vaughan claims she is entitled to judgment as a matter of law because 1) she was not acting under color of state law or as a state official; 2) she was not a nurse and had no authority to determine which patients were seen by the doctor or which patients received medications; and 3) Plaintiff failed to show that she was deliberately indifferent to his serious medical needs.

Assuming that Ms. Vaughan was acting under color of state law, Plaintiff has failed to establish that she was deliberately indifferent to his serious medical condition. Even if Plaintiff did see Ms. Vaughan in March 2008,[4] and he did not receive medication or treatment until August 2008, Plaintiff has produced no summary judgment evidence to demonstrate that Ms. Vaughan deliberately denied, delayed, or ignored his request for treatment. The sworn affidavits of Ms. Vaughan and Dr. Moore reflect that she did not have the authority to decide which prisoners at the Jail received medical treatment; rather, personnel with the Jail made those decisions. As to Plaintiff's allegation that "Nurse" Vaughan had the responsibility to inform the Sheriff that his decision to "cut off" Plaintiff's medication was "medically incorrect," the record reflects that Ms. Vaughan is not a nurse, even if she were representing herself as such, and did

_____

[4]There is no medical documentation in the record showing that Plaintiff saw Ms. Vaughan in March 2008.

not have the medical expertise or authority to make decisions regarding Plaintiff's medication or treatment. *See Thayer v. Adams*, No. 08-20817, 2010 WL 445601, at *7 (5th Cir. Feb. 4, 2010) (holding that prison nurses were not deliberately indifferent to prisoner's medical needs, reasoning that "they had no authority to prescribe drugs or embark on a different course of treatment"); *see also Camberos v. Branstad,* 73 F.3d 174, 176 (8th Cir.1995) (holding that because the warden and medical treatment director "lacked medical expertise, they cannot be liable for the medical staff's diagnostic decision not to refer [plaintiff] to a doctor to treat his shoulder injury").

Plaintiff relies on the initial job description provided by Ms. Vaughan in discovery to support his allegation that she provided triage to inmates at the Jail. The initial job description provided in the initial affidavit of Ms. Vaughan and Dr. Moore states "Clerk and Triage - not nurse." *See* Ex. B to Motion [44]. Plaintiff argues that the definition of "triage" in the dictionary demonstrates that inmates were subject to Ms. Vaughan's judgment as to need for treatment. *See* Response [50]. However, Ms. Vaughan explained that while she included the word "triage" in her initial job description provided in connection with this action, that description included her duties to both regular patients at the Clinic and to prisoners at the Jail. *Id.* Her sworn testimony reflects that she did not provide triage to any prisoner patients. *See* Ex. 2 to Rebuttal [57].

Plaintiff also places great weight on the fact that "Vaughan" is written in the space next to "Nurse" on his intake form dated 8/1/08. *See* Ex. A to Response [50]. In her affidavit, Ms. Vaughan explained that this form was used in both the Clinic and the Jail, and she wrote her name in the blank marked "nurse" so that anyone who had a question about the top part of the form would know who to ask. Ms. Vaughan states that while she was trained to take vital signs

8

and routine patient information, she in no way acted as a nurse when she assisted Dr. Moore at the Clinic or at the Jail. *See* Ex. 2 to Rebuttal [57].

Plaintiff's Response [50] simply fails to raise a genuine issue of material fact as to whether Ms. Vaughan was deliberately indifferent to his serious medical needs. Based on the foregoing, Sherry Vaughan is entitled to judgment as a matter of law and should be dismissed from this action.

## CONCLUSION

For the reasons stated above, the court finds that Defendant Sherry Vaughan's Motion for Summary Judgment [44] should be granted. Accordingly,

IT IS, THEREFORE, ORDERED:

That Defendant Sherry Vaughan's Motion for Summary Judgment [44] is GRANTED and that she is dismissed from this action with prejudice.

SO ORDERED this the 20th day of August, 2010.

s/ Michael T. Parker
United States Magistrate Judge